UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRYL SCALES                                              CIVIL NO. 11-2967

VERSUS

HUNTLEIGH USA CORPORATION                                  SECTION: G

## ORDER AND REASONS

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss Case.[1] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition was timely filed, nor did Plaintiff request leave to file a response after the deadline. Instead, Plaintiff filed an untimely two-page response on January 4, 2012, the date the motion was submitted. Defendant then filed its Motion for Leave to File Supplemental Reply Memorandum in Support of Defendant's Motion to Dismiss on January 6, 2012,[2] seeking to respond to Plaintiff's untimely opposition. On January 10, 2012, this Court granted Defendant leave to file its supplemental reply,[3] and Defendant's Supplemental Reply was filed into the record on January 10, 2012.[4]

Having considered the motion, the untimely response,[5] the reply, the record, and the applicable law, for the following reasons, the Court will grant the Motion to Dismiss Case and will

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 13.

[3] Rec. Doc. 14.

[4] Rec. Doc. 15.

[5] The Court is not required to consider untimely pleadings. *Frick v. Quinlin*, 631 F.2d 37, 40 (5th 1980) (stating that the district court is free to consider or to disregard an untimely response).

1

dismiss Plaintiff's claims without prejudice.

## I. Background

Plaintiff Darryl Scales ("Plaintiff") is a former employee of Defendant Huntleigh USA Corporation ("Defendant"). Defendant provided curbside skycap services to passengers of American Airlines at New Orleans International Airport, and Plaintiff worked for Defendant as a skycap. Plaintiff initiated this action in the 24th Judicial District Court, Parish of Jefferson, on November 16, 2011, and Defendant filed its notice of removal of this action on December 2, 2011.[6]

In Plaintiff's state court petition, Plaintiff seeks lost wages and compensatory damages from Defendant for alleged mental anguish and emotional distress following from Plaintiff's alleged wrongful termination.[7] Plaintiff alleges that he was "suddenly and without warning" terminated by Defendant on November 5, 2010.[8] According to Plaintiff, Defendant claims that Plaintiff was terminated for dishonest conduct in violation of the employee handbook,[9] specifically for inappropriately exempting bags.[10] However, Plaintiff alleges that no such conduct occurred, that an investigation by American Airlines revealed that no such conduct occurred,[11] and that Plaintiff was denied a hearing and denied copies of disciplinary reports related to Plaintiff's termination.[12]

---

[6] Notice of Removal, Rec. Doc. 1.

[7] Petition for Damages, Rec. Doc. 1-1.

[8] Petition for Damages, Rec. Doc. 1-1 at ¶ III.

[9] *Id.* at ¶ IV.

[10] Plaintiff's Response to Motion to Dismiss, Rec. Doc. 9 at p. 1.

[11] Petition for Damages, Rec. Doc. 1-1 at ¶ V.

[12] *Id.* at ¶ VI.

2

Although Plaintiff's original petition does not allege the violation of any particular law or any discriminatory conduct, his untimely response generally alleges discrimination under Title VII, without providing any factual basis for the alleged discrimination.[13]

Plaintiff's petition did, however, allege that consistently throughout Plaintiff's employment, Defendant made unspecified deductions from Plaintiff's paycheck and that Defendant failed to explain those deductions, despite requests by Plaintiff for explanation.[14] In Plaintiff's untimely response, he alleges for the first time that these deductions were made in violation of Louisiana Revised Statute 23:635.[15]

Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff fails to state a claim upon which relief can be granted, stating:

> Noticeably absent from Plaintiff's Petition is any claim that he was subjected to any form of employment discrimination or that he was wrongfully terminated in violation of any statute of the State of Louisiana, or that he was not paid in accordance with any applicable wage payment requirement imposed by Louisiana State law. In fact, no claim is advanced that Defendant's actions as alleged were illegal or unlawful to support any theory of recovery for damages.[16]

Defendant further argues that Plaintiff has not pleaded any facts suggesting that Plaintiff was entitled to pursue an internal appeals process or that Defendant was obligated to take into consideration any findings by American Airlines, a third party, even assuming that American

---

[13] Plaintiff's Response to Motion to Dismiss, Rec. Doc. 9 at p. 2.

[14] Petition for Damages, Rec. Doc. 1-1 at ¶ VII.

[15] Plaintiff's Response to Motion to Dismiss, Rec. Doc. 9 at p. 2.

[16] Memorandum in Support of Defendant's Motion to Dismiss, Rec. Doc. 6 at p. 2.

Airlines communicated its findings to Defendant, which Plaintiff has not alleged.[17] Defendant argues that Plaintiff has provided no facts that state an actionable claim for wrongful termination or denial of any rights under Louisiana law.[18] Further, Defendant argues that Plaintiff has failed to plead sufficient facts to establish that Defendant made illegal deductions from Plaintiff's paychecks, as Plaintiff did not timely reference any statute which may have been violated[19] and then belatedly argued a violation of a Louisiana statute that Defendant alleges is not applicable to these facts.[20]

## II. Law and Analysis

### A. *Standard on Motion to Dismiss*

The Federal Rules of Civil Procedure provide for dismissal "for failure to state a claim upon which relief can be granted."[21] Such a motion should be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[22] Generally, such motions are viewed with disfavor and are seldom granted.[23]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and

---

[17] *Id*. at p. 3.

[18] *Id*.

[19] *Id*. at p. 4.

[20] Supplemental Reply Memorandum in Support of Defendant's Motion to Dismiss, Rec. Doc. 15 at p. 2. Defendant argues that the statute cited by Plaintiff, Louisiana Revised Statute § 23:635, prohibits only the assessment of illegal *fines* and not illegal *wage deductions*. *Id*.

[21] Fed. R. Civ. P. 12(b)(6).

[22] *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

[23] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Hall v. Thomas*, 190 F.3d 693, 696 (5th Cir. 1999); *Mahone v. Addicks Utility Dist. of Harris Cnty.*, 836 F.2d 921, 926 (5th Cir. 1988).

4

all facts pleaded are taken as true.[24] The court, however, does not look beyond the pleadings.[25] Though required to accept all "well-pleaded facts"[26] as true, the court is not required to accept legal conclusions as true.[27] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[28] The complaint or petition must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[29]

"Factual allegations must be enough to raise a right to relief above the speculative level"[30] and must contain "enough facts to state a claim to relief that is plausible on its face."[31] The court must be able to infer "more than the mere possibility of misconduct"[32] because otherwise the petition alleges, but does not show, that the pleader is entitled to relief.[33] A minimum standard of adequate pleading no longer applies[34] and a plaintiff must plead more than facts "merely consistent with a

---

[24] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also, Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

[25] *Scanlan*, 343 F.3d at 536.

[26] *Id.*

[27] *Ashcroft v. Iqbal*, 556 U.S. ___; 129 S.Ct. 1937, 1949-50 (2009).

[28] *Id.* at 1949.

[29] *Id.*

[30] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[31] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

[32] *Iqbal*, 129 S.Ct. at 1950.

[33] *Id.*

[34] *In re Katrina*, 495 F.3d at 205, n.10 (courts no longer apply the minimal standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

defendant's liability."[35]

## B. Wrongful Termination Claim

Multiple causes of action may exist where an employee has been wrongly terminated, including actions for violation of federal statutes, violation of state laws, breach of contract, and violation of implied contracts such as employee handbooks or company policies.[36] Here, however, Plaintiff's petition fails to specifically plead any of these as the basis for his allegedly wrongful termination, instead only alleging generally that he was wrongly terminated. Plaintiff provides no proof of an employment contract that could have been breached, nor any implied contract that could have been violated.[37] Plaintiff does not even allege that such breaches occurred,[38] nor does Plaintiff allege any violation of state or federal law in his petition. It is only in Plaintiff's untimely response that Plaintiff first articulates any specific basis under which his claim is brought, and even then he alleges only that "[a]t a trial on the merits Plaintiff will introduce evidence of a pattern and practice of discrimination which will allow it to fall squarely within the scope of Title VII."[39]

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating based on

---

[35] *Iqbal*, 129 S.Ct. at 1949 (quotation omitted).

[36] *See, e.g.,* 10-259 Labor and Employment Law § 259.03.

[37] Note that Louisiana courts have held that employee handbooks do not have all four of the elements required for the creation of a contract. *Wall v. Tulane Univ.*, 499 So. 2d 375 (La. App. 4 Cir. 1986); *Keller v. Sisters of Charity of Incarnate Word*, 597 So. 2d 1113 (La. App. 2 Cir. 1992); *Gilbert v. Tulane Univ.*, 909 F.2d 124 (5th Cir. 1990).

[38] Plaintiff even acknowledges that Louisiana "is indeed an at will employment state . . . ." Plaintiff's Response to Motion to Dismiss, Rec. Doc. 9 at p. 2. Employees without an employment contract are deemed at-will employees, and "no reason or notice is required for the termination of an at-will employee." *Finkle v. Majik Market*, 628 So. 2d 259, 261, 263 (La. Ct. App. 1993). *See also,* 1-1 Labor & Employment in La. § 1-2.

[39] *Id.*

6

sex, race, color, religion, and national origin in employment decisions, including firing.[40] A violation is established when race, color, religion, or national origin was a motivating factor in the employer's decision.[41] An "employer" is defined as a person "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," with some exceptions.[42] An "employee" is broadly defined to mean "an individual employed by an employer," with some exceptions.[43]

A complaint or petition alleging discrimination under Title VII is governed by the Federal Rules of Civil Procedure and requires a jurisdictional statement, demand for judgment, and "a short and plain statement of the claim showing that the pleader is entitled to relief."[44] The normal pleading standards govern,[45] and a plaintiff still must only allege "enough facts to state a claim of relief that is plausible on its face."[46] Although the Supreme Court set forth the prima facie elements of discrimination in *McDonnell Douglas Corporation v. Green*,[47] these requirements do not serve as a pleading standard.[48]

---

[40] 42 U.S.C. § 2000e *et seq.*, as amended.

[41] 42 U.S.C. § 2000e-2(m).

[42] 42 U.S.C. § 2000e-(b).

[43] 42 U.S.C. § 2000e-(f).

[44] *See* 4-76 Employment Discrimination § 76.02.

[45] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).

[46] *Twombly*, 550 U.S. at 570.

[47] 411 U.S. 792 (1973) (establishing a three-part burden shifting scheme for employment discrimination claims). A prima facie case requires the plaintiff to allege: "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *See* 4-76 Employment Discrimination § 76.04.

[48] *See* 4-76 Employment Discrimination § 76.04.

The petition must also generally allege that all conditions precedent to filing the petition have been met.[49] The statute sets forth the conditions precedent: "the timely filing of an EEOC charge, deferral to a state agency where appropriate, the receipt of a right-to-sue letter from the EEOC, and the timely institution of a court action."[50] However, a plaintiff may aver generally that all conditions precedent have been fulfilled.[51]

Here, not only has Plaintiff not alleged, even generally, that the conditions precedent to a Title VII claim have been fulfilled, but Plaintiff makes no effort to allege that any motivating factor resulted in his discharge. Plaintiff does not even allege membership in a protected group, much less provide any facts that could support an inference of discrimination. Plaintiff fails to provide anything more than an "unadorned, the defendant-unlawfully-harmed-me accusation,"[52] and this does not rise to the level required to defeat a motion to dismiss for failure to state a claim. Though this Court must accept all facts as true when deciding a motion to dismiss, this Plaintiff has failed to provide enough facts to support any cause of action for wrongful termination, under Title VII or otherwise.

### C. Improper Wage Deduction Claim

Under Louisiana law, employers are prohibited from assessing fines against employees or deducting sums from the employee's wages as a fine, except where the employee wilfully or

---

[49] *Id.*

[50] *See* 4-76 Employment Discrimination § 76.03 (citing 42 U.S.C. § 2000e-5(f)(1)).

[51] *See, e.g., EEOC v. Standard Forge & Axel Co.*, 496 F.2d 1392 (5th Cir. 1974).

[52] *Iqbal*, 129 S.Ct. At 1949.

negligently causes damage.[53] The statute provides:

> No person, acting either for himself or as agent or otherwise, shall assess any fines against his employees or deduct any sum as fines from their wages. This Section shall not apply in cases where the employees wilfully or negligently damage goods or works, or in cases where the employees wilfully or negligently damage or break the property of the employer, or in cases where the employee is convicted or has pled guilty to the crime of theft of employer funds, but in such cases the fines shall not exceed the actual damage done.[54]

However, the statute "is penal in nature and must be strictly construed."[55] The statute applies to fines, rather than to any deductions an employer might make.[56] A fine, within the meaning of [the statute], is a pecuniary penalty imposed for the violation of some law, rule or regulation"[57] and "denotes a punishment imposed."[58]

Plaintiff's petition does not allege that the deductions were levied as fines in violation of Louisiana Revised Statute § 23:625. In fact, Plaintiff's petition did not even allege a violation of Section 23:635; it was only in Plaintiff's untimely response that this cause of action was asserted. Nonetheless, Plaintiff's response also fails to allege any facts that would allow this Court to infer that the alleged wage deductions were levied *as fines*. Furthermore, as Defendant emphasizes, according to Plaintiff's complaint, these charges were made "consistently" throughout Plaintiff's employment,

---

[53] La. Rev. Stat. § 23:635.

[54] *Id.*

[55] *Hanks v. Shreveport Yellow Cabs, Inc.*, 187 So. 817, 819 (La. App. 1939); *see also, Sampson v. Apollo Resources, Inc.*, 242 F.3d 629, 637 (5th Cir. 2001).

[56] *Sampson*, 242 F.3d at 637 ("not all deductions are prohibited; only fines or deductions made as fines are prohibited").

[57] *Brown v. Navarre Chevrolet, Inc.*, 610 So. 2d 165, 170 (La. App. 1992) (citing *Stoll v. Goodnight Corp.*, 469 So. 2d 1072 (La. App. 2d Cir. 1985)).

[58] *Hanks*, 187 So. at 819.

which could bolster an inference that these deductions were not made because of the conduct that led to Plaintiff's dismissal. Accordingly, Plaintiff makes no colorable claim for relief under Louisiana Revised Statute 23:635. Nor does Plaintiff offer any other plausible basis for relief, and this Court has been unable to locate any such basis. Plaintiff alleges that deductions were made, but provides no information from which this Court could infer that the deductions were levied as fines in violation of Louisiana Revised Statute 23:635 or illegal in some other way. Therefore, Plaintiff has offered nothing more than "the mere possibility of misconduct."[59] For these reasons, as to Plaintiff's claims regarding improper wage deductions, Plaintiff fails to state a claim upon which relief can be granted.

### III. Conclusion

Because Plaintiff has not provided any facts which would support a claim of relief for wrongful termination or improper wage deductions, Plaintiff has not brought forth a claim of relief that is plausible on its face. Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Case is **GRANTED** and that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __12th__ day of March, 2012.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[59] *Iqbal*, 129 S.Ct. at 1950.